# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARK YOUNIE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF HARTLEY, IOWA,<br><br>    Defendant. | No. C14-4090-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS** |

## I.    INTRODUCTION

This case is before me on a motion (Doc. No. 4) by defendant City of Hartley, Iowa (the City), pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff Mark Younie (Younie) has filed a resistance (Doc. No. 9). The City did not file a reply. While the City has requested an evidentiary hearing, for reasons I will explain below I find that such a hearing is not necessary. The motion is fully submitted and ready for decision.

## II.    PROCEDURAL HISTORY

Younie filed his complaint and jury demand (Doc. No. 2) on October 16, 2014. He alleges that he was employed by the City as its police chief pursuant to a written contract until January 21, 2014, when his employment was terminated. He contends that his discharge was (a) in retaliation for conduct protected by the Fair Labor Standards Act (FLSA), (b) a breach of contract and (c) a violation of Iowa public policy. Doc. No. 2, Counts I, II and IV. He further contends that the City violated the Iowa Wage Payment Collection Act by failing to pay certain wages after the termination, as allegedly required by the parties' contract. *Id.*, Count III. Younie alleges that this court has

federal question jurisdiction over Count I and supplemental jurisdiction over the remaining, state law claims. *Id*. at ¶ 3.

The City responded to the complaint by filing its present motion on November 17, 2014. The parties later consented to have a United States Magistrate Judge conduct all proceedings pursuant to 28 U.S.C. § 636(c). Doc. No. 12. As such, this case has been referred to me. *Id*.

### III. RELEVANT FACTS

*Younie's Factual Allegations*. Younie alleges that he was employed by the City as its police chief pursuant to an agreement dated November 8, 2011, and that he was employed "to work a typical 40-hour per week schedule." Doc. No. 2 at ¶¶ 5-6. However, he contends that in September 2013, the City's Mayor (Clayton Pyle) instructed him to begin working 45 hours per week. *Id*. at 10. Younie states that on September 13, 2013, he responded to the Mayor's request by submitting a written grievance in which he asserted that the 45-hour work week would violate the FLSA. *Id*. at ¶ 12. He alleges that he had a good faith belief that he was entitled to overtime compensation for any law enforcement activities performed in excess of 40 hours per week. *Id*. at ¶ 19.

Next, according to the complaint, Mayor Pyle issued an "Order of Removal" on January 3, 2014, that purported to terminate Younie's employment as police chief. *Id*. at ¶ 14. Younie alleges that the City Council voted to approve the termination on January 21, 2014, meaning his discharge became effective on that date. *Id*. at ¶¶ 16-17.

*Additional Facts Presented by the City*. In support of its motion, the City has submitted the affidavit (Doc. No. 4-2) of Patricia Anderson, the City Clerk, which indicates, among other things, that the City's police department has consisted of no more

than three individuals since at least August 5, 2010. Doc. No. 4-2 at ¶¶ 1-2. Those individuals have included a police chief and one or two full-time officers. *Id.* at ¶ 2. This was true during the entire time Younie was employed as police chief. *Id.* at ¶ 3.

## IV.   APPLICABLE STANDARDS

The federal district courts are courts of limited jurisdiction. U.S. CONST., Art. III, § 1. They "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss a complaint due to the "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

When subject matter jurisdiction is challenged, the court may consider matters outside the pleadings. *Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990). In *Osborn*, the Eighth Circuit Court of Appeals explained:

> A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." . . . In the first instance, the court restricts itself to the face of the pleadings, . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). . . . The general rule is that a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" . . . In a factual attack, the court considers matters outside the pleadings, . . . , and the non-moving party does not have the benefit of 12(b)(6) safeguards.

*Id.* at 729 n.6 [citations omitted]. However, the distinction between facial attacks and factual attacks does not depend on whether matters outside the pleadings are considered. In *Osborn*, the court described a facial attack as one "based on the complaint alone, or on the complaint supplemented by undisputed facts evidenced in the record." *Id.* at 730. By contrast, a factual attack arises when the court "inquires into and resolves factual

3

disputes." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002). Thus, as this court has explained, "it is a request to resolve disputed factual issues, not whether the court considers matters attached to, incorporated into by reference, or embraced by the complaint that distinguishes a 'factual' challenge from a 'facial' challenge to subject matter jurisdiction under Rule 12(b)(1)." *Target Training Int'l, Ltd. v. Lee*, 1 F. Supp. 3d 927, 935 n.5 (N.D. Iowa 2014).

Here, I conclude that the City's attack is facial, not factual, because I am not being asked to resolve any disputed issues of fact. Instead, the City has simply presented evidence of additional facts that appear to be entirely undisputed, at least for purposes of the City's motion. As a facial attack, the City's motion is subject to the same analysis as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). This means, among other things, that all allegations of fact set forth in the complaint are accepted as true and dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008) (quoting *Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007)).

## V. DISCUSSION

### A. Federal Question Jurisdiction (Count I)

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Count I invokes a federal statute, the FLSA, and alleges that the City discharged Younie in violation of 29 U.S.C. § 215(a)(3). That statute provides, in relevant part, that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any

4

such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). Younie alleges that the grievance he submitted on September 13, 2013, was protected conduct within the meaning of Section 215(a)(3) and that the City then violated that statute by terminating his employment because of the grievance.

To establish a prima facie case of retaliation under the FLSA, Younie must show (1) that he participated in statutorily protected activity, (2) that the City took an adverse employment action against him and (3) that there was a causal connection between the events. *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1034-35 (8th Cir. 2005). In challenging subject matter jurisdiction, the City focuses on the first element and argues that Younie did not participate in activity protected by the FLSA because his grievance was not meritorious.

Specifically, the City notes that the grievance was based on a claim that overtime pay was required for any hours in excess of 40 per week. It then points out that the FLSA expressly exempts a police department from overtime pay requirements if that department "employs during the workweek less than 5 employees in . . . law enforcement activities." 29 U.S.C. § 213(b)(20). It is for this reason that the City has submitted evidence establishing, without dispute, that it never had more than three police officers during Younie's tenure as police chief. Thus, according to the City, Younie's grievance was baseless and cannot form the basis of an FLSA retaliation claim.

Younie argues, however, that the ultimate merits of his grievance are not dispositive. Instead, he contends that so long as he had a good faith, reasonable belief that his rights under the FLSA were violated, he was protected from retaliation for asserting those perceived rights. While it appears that the Eighth Circuit Court of Appeals has neither adopted nor rejected this argument, it has been accepted by other federal courts. *See, e.g., Sapperstein v. Hager*, 188 F.3d 853, 857 (7th Cir. 1999); *Gries v. AKAL Security, Inc.*, No. 06-CV-33-LRR, 2007 WL 2710034, at *25 (S.D.

Iowa 2007). Moreover, the Eighth Circuit has adopted the "good faith belief" doctrine in an analogous context involving retaliation claims brought pursuant to the Age Discrimination in Employment Act (ADEA):

> Protected activity includes "oppos[ing] any practice made unlawful" by the ADEA, § 623(d). Employer conduct that an employee opposes need not in fact be unlawful. Rather, the employee must "demonstrate a good faith, reasonable belief that the underlying challenged action violated the law." *Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1155 (8th Cir. 1989).

*Kempcke v. Monsanto Co.*, 132 F.3d 442, 445 (8th Cir. 1998).

Similarly, the Eighth Circuit has held that it is a violation of the FLSA for an employer to retaliate based on a mistaken belief that an employee engaged in protected conduct. *Saffels v. Rice*, 40 F.3d 1546, 1549 (8th Cir. 1994). In *Saffels*, the court referenced "the FLSA's underlying purpose that employees, not the federal government, serve as the enforcement mechanism for the act." *Id.* at 1549-50. Applying the "good faith belief" doctrine to retaliation claims brought under the FLSA is consistent with this purpose. Thus, I hold that Younie's legal interpretation is correct. He engaged in protected activity if he had a good faith, reasonable belief that the conduct he opposed violated the FLSA.

Younie has alleged that when he submitted his grievance, he had a good faith belief that the City was violating his FLSA rights. Doc. No. 2 at ¶ 19. He has also alleged that he engaged in "a protected expression of his rights" by issuing the grievance and that his termination was "motivated and caused" by its issuance. *Id.* at ¶¶ 21, 23. As noted above, I must accept these allegations as true at this stage of the case. Thus, while the City has come forward with undisputed facts that undercut the merits of Younie's grievance, I find that Younie has sufficiently plead a claim for retaliation under 29 U.S.C. § 215(a)(3). This court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331.

B.  *Supplemental Jurisdiction (Counts II, III and IV)*

Younie's remaining claims arise under Iowa law. He contends that this court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), which states, in relevant part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Thus, according to Younie, so long as this court has subject matter jurisdiction over Count I, it may exercise subject matter jurisdiction over his state law claims because they are sufficiently related to Count I as to "form part of the same case or controversy."

The City does not argue otherwise. That is, while the City contends subject matter jurisdiction is lacking as to Count I, it does not argue that Counts II, III and IV must be dismissed even if Count I is properly before the court. Having carefully reviewed the allegations of Younie's complaint, I find that the exercise of subject matter jurisdiction over Counts II, III and IV is appropriate pursuant to Section 1367(a).

## VI.  CONCLUSION

For the reasons set forth herein, the City's motion (Doc. No. 4) to dismiss for lack of subject matter jurisdiction is **denied**.

**IT IS SO ORDERED.**

**DATED** this 9th day of April, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE