# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARK YOUNIE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF HARTLEY, IOWA,<br><br>　　　　Defendant. | No. C14-4090-CJW<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　　INTRODUCTION

This matter is before the court pursuant to plaintiff's Motion to Amend Complaint (Doc. 33). Plaintiff, Mark Younie (plaintiff), seeks to amend his complaint to add a claim for a violation of Iowa Code § 70A.29, the so-called whistleblower statute for public employees. Doc. 33, at 1. Defendant, City of Hartley, Iowa (the City), resisted the motion and requested oral argument on the motion. Doc. 34. Plaintiff filed a reply brief. Doc. 36. On April 12, 2016, the court held a hearing on the City's motion for summary judgment and plaintiff's motion to amend the complaint, at which time the court heard argument on this motion. For the reasons set forth below, the court denies plaintiff's motion to amend his complaint to add a claim.

## II.　　PROCEDURAL AND FACTUAL BACKGROUND

On October 16, 2014, plaintiff filed a four-count complaint against the City. Doc. 2. Plaintiff alleges he was employed by the City as its police chief pursuant to a written contract until January 21, 2014, when his employment was terminated. He contends that his discharge was (a) in retaliation for conduct protected by the Fair Labor

Standards Act (FLSA), (b) a breach of contract, and (c) a violation of Iowa public policy. Doc. 2, Counts I, II and IV. He further contends that the City violated the Iowa Wage Payment Collection Act by failing to pay certain wages after the termination, as allegedly required by the parties' contract. *Id.*, Count III.

On November 17, 2014, the City filed a motion to dismiss the complaint, alleging plaintiff failed to state a claim under Count I because he was not actually covered by the FLSA. Doc. 4. On April 9, 2015, this court denied the City's motion to dismiss, finding that although the FLSA provisions do not apply in this case because the police department had fewer than five employees, plaintiff alleged he, in good faith, believed it did. Doc. 14. Therefore, the court concluded plaintiff stated a valid federal claim when he alleged the City fired him in retaliation for filing a grievance asserting a violation of the FLSA. *Id.*

While the motion to dismiss was pending, on January 30, 2015, the parties filed, and the court adopted, a proposed scheduling order. Doc. 12. Among other deadlines, the scheduling order provided a deadline of March 30, 2015, for amending pleadings. On April 29, 2015, plaintiff filed an unresisted motion to extend deadlines (Doc. 16), which the court granted the next day (Doc. 17). The order established October 30, 2015, as the new deadline for completion of discovery. Doc. 18. In his motion, however, plaintiff did not seek to extend the deadline for amending his complaint, so the court's order granting the motion did not extend the deadline for amending pleadings.

On November 30, 2015, the City filed a motion for summary judgment. Doc. 18. In plaintiff's resistance to the motion for summary judgment, he conceded that his contract claims could not survive a motion for summary judgment. Doc. 24, at 1 n.1. On January 4, 2016, plaintiff dismissed Counts II and III of the complaint. Doc. 21. Accordingly, only Count I (retaliatory discharge) and Count IV (wrongful discharge) claims remain.

## III. THE PARTIES' ARGUMENTS

In his motion to amend the complaint, plaintiff cited to Fed. R. Civ. P. 15 and noted that courts "shall … freely" grant leave to amend complaints "when justice so requires." Doc. 33, at 1. Plaintiff argued that "[a] revision of Plaintiff's petition based upon subsequently discovered information will clarify the issues and promote judicial efficiency and justice." *Id*. He further argued the court can exercise supplemental jurisdiction over this state law claim, which he stated arose from the same nucleus of operative facts. *Id*., at 1-2.

In its resistance, the City argued that plaintiff "is attempting to add a different count with different issues." Doc. 34. It further argued "[d]iscovery was completed by Defendant with no indication beforehand by Plaintiff that a whistleblower claim might be alleged." *Id*.

In its reply, plaintiff again argued "[t]he Court must give leave to amend freely when justice so requires." Doc. 36, at 1. Plaintiff further argued that "[i]n order for the court to deny a motion to amend, the opposing party must show that it will be unfairly prejudiced by the amendment." *Id*. (citing *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2010)). The remainder of plaintiff's reply addressed the similarities of the elements of the FLSA retaliation claim (Count I), the wrongful discharge claim (Count IV), and the proposed new whistleblower count in an effort to demonstrate that the City will not be prejudiced by amending the complaint to add the new count. Doc. 36, 2-5.

At oral argument on this motion, counsel for plaintiff candidly and honorably stated that the "subsequently discovered information" was that counsel found, or "happened upon," the whistleblower statute while conducting research in preparation for resisting the City's motion for summary judgment. Counsel explained that plaintiff was not previously aware of this statute, perhaps because it is little used. Plaintiff's counsel

did not allege plaintiff uncovered new evidence in discovery, there was a change in circumstances, or that a new law was enacted giving rise to a claim under the Iowa whistleblower statute.

When asked at oral argument what prejudice the City would suffer were the court to grant the motion to amend the complaint, counsel for the City explained that it would alter the City's theory of defense. The City's counsel suggested that the addition of the new claim may create a conflict between the City's theory of defense to the current claims with a theory of defense it would have to adopt to respond to the new claim. Counsel for the City, however, did not claim that additional discovery would be necessary.

### IV.   DISCUSSION

There is, of course, no absolute right to amend a pleading. *See Hammer v. Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003). Plaintiff is correct that Rule 15 of the Federal Rules of Civil Procedure generally provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff did not acknowledge, however, that permitting him to amend the complaint now would require modification of the scheduling order. Where, as here, a motion to amend a pleading requires modification of the scheduling order, then a party has the burden of demonstrating good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause.").

In multiple cases, this court has discussed the interplay between the liberal amendment provision of Rule 15 and the good cause requirement of Rule 16. *See*, *e.g.*, *Afshar v. WMG, L.C.*, 310 F.R.D. 408, 408-12 (N.D. Iowa 2015); *Pick v. City of Remsen*, 298 F.R.D. 408, 410-12 (N.D. Iowa 2014); *French v. Cummins Filtration, Inc.*, No. C-11-3024-MWB, 2012 WL 2992096 (N.D. Iowa July 19, 2012). In short, the

4

party moving to modify a scheduling order in order to amend a pleading bears the burden of showing "diligence in attempting to meet the order's requirement." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). Although a court may consider prejudice to the non-moving party, courts generally will not address prejudice where a moving party has failed to demonstrate diligence. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Thus, plaintiff's reliance on *Dennis* is misplaced. The *Dennis* Court did not discuss whether the plaintiff's motion to amend in that case arose after passage of the deadline for amending pleadings, and the Court's decision in *Dennis* contains no discussion of Rule 16.

Moreover, neither party briefed the standard that applies when a party moves to amend a complaint after the deadline for doing so has passed. Rule 16 does not govern where, as here, a party moves to extend deadlines after the deadline has passed. Rather, Rule 6(b) applies. Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "the court may, for good cause," extend a deadline "on motion made after the time has expired if the parties failed to act because of excusable neglect." Rule 6 applies to "any time period specified in [the Federal Rules of Civil Procedure], [and] in any local rule or court order . . . ." Fed. R. Civ. P. 6.

The Federal Rules of Civil Procedure do not define "excusable neglect." In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993), the Supreme Court found that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In determining whether excusable neglect exists, a court, therefore, must consider "all relevant circumstances surrounding the party's omission." *Id. See also Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995) (*citing Pioneer*, 507 U.S. at 395). These circumstances include:

5

(1) The danger of prejudice to the non-moving party;

(2) The length of delay and its potential impact on judicial proceedings;

(3) The reason for the delay, including whether it was within the control of the movant; and

(4) Whether the movant acted in good faith.

*Treasurer, Trustees of Drury Industries, Inc. Health Care Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (*citing Pioneer*). The four factors do not, however, carry equal weight; "the excuse given for the late filing must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

The court takes seriously the discovery deadlines it imposes so as to "secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1. Parties are expected to adhere to the deadlines imposed by the court, especially when the parties themselves propose the deadlines. Courts should appreciate the difficulties and stresses of litigation practice where attorneys juggle multiple cases with many deadlines. At the same time, trial attorneys are expected to research causes of action thoroughly at the pleading stage so that discovery can focus on the causes pled.

In evaluating the relevant circumstances in this case, the court concludes that plaintiff has failed to demonstrate good cause or excusable neglect. The parties completed discovery nearly five months ago. This case is set for trial for June 21, 2016 (Doc. 37), a little more than a month away. Although plaintiff argues the City will not be prejudiced, the City disagrees on the ground that it may alter how it defends the case. Although the City was unable to articulate prejudice clearly, the addition of a new theory of recovery shortly before trial, without an opportunity for the City to conduct discovery with the claim in view, is inherently prejudicial. Although the court could reopen discovery and continue the trial, it is not inclined to do so at this late date.

The length of the delay in moving to amend the complaint also weighs against granting plaintiff's motion. The deadline for amending pleadings was March 3, 2015, more than a year ago.

The reason for the delay is weak; it constitutes "garden-variety attorney inattention." *Lowry*, 211 F.3d at 464. Plaintiff's counsel candidly admitted that their excuse for not seeking to amend the pleadings in a timely manner was that they just recently "happened upon" the statute while conducting research to resist the City's motion for summary judgment. Plaintiff filed his resistance to the motion for summary judgment, however, on January 4, 2016. Doc. 24. Plaintiff did not file the motion to amend the complaint until March 9, 2016, more than two months later. Plaintiff offers no explanation for why it took him another two months to file the motion to amend the complaint, given the explanation for how counsel discovered the statute. Were the court to find excusable neglect under these circumstances, "it's hard to fathom the kind of neglect that [ ] would not [be] deem[ed] excusable." *Lowry*, 211 F.3d at 464. *See also Mullen v. Heinkel Filtering Systems, Inc.*, No. C12-2084, 2013 WL 4766785, *4 (N.D. Iowa Sept. 4, 2013) (unpublished) (denying motion to extend expert disclosure deadline when it was missed through oversight by counsel). Finally, although the Iowa whistleblower statute has not resulted in a large number of reported decisions, the court notes there are seven reported state court cases citing the statute, and four reported federal cases in the Northern District of Iowa citing the statute, including one litigated by plaintiff's law firm. *See Cook v. City of Elkader*, No. C03-1029, 2005 WL 151937, at *1 (N.D. Iowa Jan. 21, 2005).

Finally, the court finds plaintiff's counsel acted in good faith and "not in an attempt to delay the process or escape the requirements of the rule." *Larson v. Farmers Cooperative Elevator of Buffalo Center, Iowa*, 58 F. Supp. 2d 1013, 1017 (N.D. Iowa 1999). This is not a case where plaintiff was attempting to lie in wait and amend the

complaint at the last minute to gain advantage. The court accepts plaintiff's counsels' explanation that they just happened upon the statute.

The court finds no good cause for plaintiff's failure to move to amend the complaint until more than a year after the deadline for doing so. *See*, *e.g.*, *Afshar*, 310 F.R.D. at 411 (finding plaintiff "failed to demonstrate good cause to allow an amendment to her complaint more than four months after the scheduling order deadline). Alternatively, the court finds plaintiff has failed to show excusable neglect for moving to modify a deadline after it has passed.

## V. CONCLUSION

For the reasons set forth herein, plaintiff's Application to Amend Complaint (Doc. 33) is **denied** to the extent plaintiff seeks to add a claim of breach of contract.

**IT IS SO ORDERED** this 13th day of May, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa